**F. W. HOLLER, Jr., Howard V. Holler and Lois Layton, Plaintiffs-Appellants,**

v.

**BOARD OF SUPERVISORS OF POCAHONTAS COUNTY and Drainage District No. 17, Defendants-Appellees.**

No. 2–64728.

Court of Appeals of Iowa.

Dec. 23, 1980.

J. Desmond Crotty of Crotty & Fitzgerald, Pocahontas, for plaintiffs-appellants.

James W. Hudson, Pocahontas, for defendants-appellees.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

DONIELSON, Judge.

Plaintiff landowners appeal from judgment for defendants in suit for damages caused by flooding of plaintiffs' lands. Plaintiffs assert that the flooding necessitated repairs to their property and constitutes a taking for which they should be compensated. We affirm the judgment for defendants.

Our review is limited to correction of errors at law. Iowa R.App.P. 4.

I.

Plaintiffs own a farm in Palo Alto County. A natural stream crosses the plaintiffs' pastureland for about one-half mile before emptying into the Des Moines River. Defendants are Drainage District Number 17 and the Pocahontas County Board of Supervisors acting as trustees of the drainage district. As part of its drainage system, the

district maintained an open ditch with two tiled branches, to which were connected numerous private closed tile drains. The defendant's open ditch emptied into the natural stream at the point where the stream entered plaintiffs' property.

Drainage District 17 was established in 1906 to provide drainage for ten sections of farmland located immediately to the west and south of plaintiffs' farm. At the present time, the district comprises the same watershed area as in 1906, with the exception of the addition of approximately forty acres of land. These forty acres have only a negligible effect on the amount of drainage at the outlet of the natural stream, however, since the drainage from the forty-acre tract drains into the open ditch at a different outlet.

The ditch was cleaned out in 1935 to remove silt and tree branches that impeded the flow of drainage water. In 1976, landowners in the district requested that the ditch again be cleaned out and that it be deepened to accommodate more private drains; the work on the drain was actually carried out in 1977 and 1978. Testimony indicated that prior to the 1977 clean-out, the ditch was in extremely poor condition and was operating at a severely reduced capacity due to the blockage. When the blockage was removed, however, the drainage water flowed through the ditch in greatly increased volume and velocity, with the result that the stream overflowed in the spring and summer of 1978, flooding the plaintiffs' pasture and washing out a crossing plaintiffs had built over the stream. To alleviate the flooding, plaintiffs engaged a contractor to straighten the channel of the stream and to rebuild the washed out crossing, and it is for these improvements that the plaintiffs now request compensation.

Prior to the flooding in 1977, the plaintiffs had contacted the Pocahontas County Board of Supervisors and requested that they participate with the plaintiffs in widening the stream to accommodate the anticipated increase in drainage from the ditch. The Board did not accept the plaintiffs' offer to participate in the proposed improvements, but suggested that they apply to the Palo Alto Board of Supervisors for relief. Plaintiffs then brought this action, which resulted in the trial court's judgment for the defendants.

## II.

Drainage districts in Iowa have the statutory duty to repair and maintain drainage systems in their original efficiency or capacity. § 455.135(1), The Code 1979. This duty represents a positive mandate and may be enforced by mandamus. *Morrow v. Harrison County*, 245 Iowa 725, 733, 64 N.W.2d 52, 57 (1954); *Wise v. Board of Supervisors*, 242 Iowa 870, 874, 48 N.W.2d 247, 249 (1951). However, we can find no authority for the plaintiffs' contention that injury resulting to a lower landowner from the exercise of this duty should be compensated, and we therefore affirm the trial court's judgment.

Chapter 455, The Code 1979, which sets forth in detail the various obligations of drainage districts, makes no mention of a responsibility to compensate for injury resulting from exercise of those obligations. Nor is such responsibility mentioned in the several cases that discuss the statutory duties of drainage districts. *See Morrow v. Harrison County*, 245 Iowa 725, 64 N.W.2d 52 (1954); *Wise v. Board of Supervisors*, 242 Iowa 870, 48 N.W.2d 247 (1951); *Maben v. Olson*, 187 Iowa 1060, 175 N.W. 512 (1919). Plaintiffs cite two cases in support of their request for compensation, but we do not find these cases applicable to the present situation. *Board of Supervisors of Pottawattamie County v. Board of Supervisors of Harrison County*, 214 Iowa 655, 241 N.W. 14 (1932), involved a dispute between two drainage districts that shared part of a drainage ditch located on land in the second district. The dispute arose when the second district cleaned out the common ditch and assessed part of the costs of the improvement to the first district, whose Board of Supervisors then refused to share in the costs. The drainage improvements allowed the first district to send a greatly increased volume of water through the system, which

resulted in flooding in the second district and necessitated further repairs to the common ditch. The Iowa Supreme Court held that the privilege of disposing of an increased amount of water was accompanied by the corresponding obligation to bear part of the costs of repairing the harm caused to the common ditch by the increased flow. *Board of Supervisors of Pottawattamie County*, 214 Iowa at 676–77, 241 N.W. at 23. Because this case involves the question of how costs for repairs to a common drainage system will be allocated between two districts, we find it to be of minimal precedential value in the instant case.

Plaintiffs also cite *Lage v. Pottawattamie County*, 232 Iowa 944, 5 N.W.2d 161 (1942) to support their contention that they are entitled to compensation from Drainage District 17. *Lage* involved an action for compensation for injuries to the plaintiff's land that resulted when the county, in the process of building a public highway, cut through the banks of a drainage ditch and thereby caused flooding of the plaintiff's property. The trial court sustained the defendant county's demurrer to the petition but the Iowa Supreme Court reversed, holding that there had been a taking of plaintiff's land within the meaning of the state constitution and that just compensation was required. *Lage*, 232 Iowa at 949, 5 N.W.2d at 163–64. It does not follow, however, that compensation is due in the instant case. *Lage* and the case before us today are similar in that in both instances, the defendants were acting in compliance with specific duties: the duty to improve roadways in *Lage* and the duty to maintain drainage ditches in their original capacity and efficiency in the instant case. The difference lies, however, in the fact that the drainage district, unlike the county in *Lage*, could not have performed its duty without the result plaintiffs now complain of. Presumably, the county could have built the road without cutting through the drainage ditch and causing the overflow onto the plaintiffs' land. However, once the drainage district complied with it obligation and cleaned out the ditch, flooding of the plaintiffs' pasture was the inevitable result. We

will not order the drainage district to compensate plaintiffs' injury when the district's action was merely taken in compliance with its statutory duty to keep the drainage system in good repair. We therefore affirm the judgment for the defendant district.

It should be noted that our holding does not deprive plaintiffs of all remedy. As suggested by the supreme court in *Maben*, the plaintiffs have the option of creating their own drainage district to relieve them of costs for repairs necessitated by the flooding. *Maben*, 187 Iowa at 1071, 175 N.W. at 516. However, we find no authority for granting plaintiffs the compensation they request.

AFFIRMED.